IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| JOSE RAMIREZ, | § | |
| Movant, | § | |
| VS. | § | NO. 4:20-CV-148-A |
| | § | (NO. 4:17-CR-053-A) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Jose Ramirez under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The court, having considered the motion, the response[1] of United States, the record, including the record in the underlying criminal case, styled "United States v. Jose Ramirez," Case No. 4:17-CR-053-A, and applicable authorities, finds that the motion should be dismissed as untimely.

### I.

### Background

On April 24, 2017, movant was charged in a one-count superseding information charging him with possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). CR Doc.[2] 16.

---
[1] The response is in the form of a motion to dismiss.
[2] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:17-

On March 28, 2017, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 21. They also signed a waiver of indictment. CR Doc. 20. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 44.

On August 11, 2017, movant was sentenced to a term of imprisonment of 180 months. CR Doc. 37. He appealed, CR Doc. 39, and the judgment was affirmed. United States v. Ramirez, 722 F.

---

CR-053-A.

App'x 377 (5th Cir. 2018). On October 1, 2018, his petition for writ of certiorari was denied. Ramirez v. United States, 139 S. Ct. 283 (2018).

II.

Grounds of the Motion

The court cannot discern any legitimate grounds movant may be asserting in support of his motion. The motion simply does not seem to relate to the facts of movant's case. For example, it talks about an indictment and conspiracy and a jury trial, when movant pleaded guilty under a superseding information. Doc.[3] 1.

III.

Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause"

---

[3] The "Doc. __" reference is to the number of the item on the docket in this civil case.

for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

IV.

Analysis

Section 2255 contains a one-year statute of limitations. 28 U.S.C. § 2255(f). In this case, limitations began to run on the date the judgment became final. Clay v. United States, 537 U.S. 522, 527 (2003). That is, the time began to run when the Supreme Court denied the petition for writ of certiorari on October 1, 2018. The motion here was not filed until February 14, 2020, when it appears to have been deposited in the mail for filing.

Doc. 1 at PageID[4] 9-10.

The motion makes no mention of its untimeliness. The court notes that movant would not be entitled to equitable tolling in any event as he has not shown the exercise of any diligence. Nor has he shown that any extraordinary circumstance prevented him from timely filing his motion. Holland v. Florida, 560 U.S. 631, 649 (2010).

V.

Order

The court ORDERS that movant's motion be, and is hereby, dismissed as untimely.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED April 9, 2020.

JOHN McBRYDE
United States District Judge

---

[4] The "PageID __" reference is to the page number assigned by the court's electronic filing system.